## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION,

RENEE BRZEG

    Plaintiff,

v.             Case No.:
              Hon.
              Mag:


State of Michigan Department  of  Labor and
Economic Growth Veteran Employment Services,

    Defendant.

_____

LAW OFFICES OF DIANA L. McCLAIN
& ASSOC IATES, P.C.
By: Diana L. McClain P54781
Counsel  for Plaintiff
7071 Orchard Lake Rd. Ste. 210
(248) 539-3714
dlmcclain@aol.com

_____

### COMPLAINT AND JURY DEMAND

**NOW COMES Plaintiff, RENEE BREZG**, by and through her undersigned counsel,

and for his Complaint against , State of Michigan Department Of Labor and Economic Growth

Veteran Employment Services

### NATURE OF THE ACTION

1. This is an action for discrimination, retaliation, and hostile work environment under Title

   VII of the Civil Rights Act of 1964, 42 U.S.C. §2000e et seq., and the Michigan Elliott-

   Larsen Civil Rights Act (ELCRA), MCL 37.2101 et seq.

2. Plaintiff, an openly gay employee, was subjected to severe and repeated discrimination

   and harassment, including ridicule, humiliation, and isolation by her supervisors and co-

   workers.

1

3.  Plaintiff was retaliated against after reporting discrimination and was ultimately

    terminated in September 2021, after more than 20 years of loyal and satisfactory service

    with Defendants.

## JURISDICTION AND VENUE

4.  This Court has jurisdiction over the federal claims pursuant to 28 U.S.C. §§1331 and

    1343.

5.  Venue is proper in this District pursuant to 28 U.S.C. §1391 because a substantial part of

    the events or omissions giving rise to the claims occurred within this District.

6.  Plaintiff has exhausted all administrative remedies with the EEOC, as required under

    Title VII.

## PARTIES

7.  Plaintiff Renee Brzeg, Plaintiff hereinafter,  is an adult individual and a resident of
    Waterford, Michigan.

8.  Defendant State of Michigan, Department of Labor and Economic Growth, Veteran

    Employment Services ("Defendant State Agency") is a state agency responsible for

    employment services for veterans.

## FACTUAL ALLEGATIONS

11. Plaintiff was hired in or about January 2001 as a Disabled Veteran Employment

    Specialist, with a starting hourly rate of $17.00 per hour.

12. From the time of hire through the appointment of Jason Bruggerman and Crystal Berche

    as Plaintiff's supervisors, Plaintiff consistently received satisfactory performance

    evaluations and performed her job duties competently.

13. After Jason and Crystal became Plaintiff's supervisors, she began experiencing discriminatory treatment and hostility in the workplace.

14. Defendants fostered a workplace culture hostile to LGBTQ employees, resembling the homophobia often found in military culture.

15. Because Plaintiff was openly gay, she was subjected to ridicule, humiliation, and discriminatory treatment by supervisors and co-workers.

16. During a regional meeting in Summer 2019, supervisors and co-workers, including Jason Bruggerman and Paul [Last Name], mocked Plaintiff after she stated she liked sausage on pizza, saying:

   - "Renee loves the sausage,"
   - "I didn't know lesbians liked sausage," and
   - "Are you going to switch teams?"
     These comments became a running joke at Plaintiff's expense.

17. Plaintiff's supervisor, Crystal Berche, was present and failed to intervene, trivializing the conduct with the phrase "earmuffs."

18. Plaintiff was further isolated when Jason and Crystal instructed her not to communicate with peers outside her region and only to report to Jennifer Georgejeffski, who was hostile, unsupportive, and openly discriminatory.

19. Jennifer Georgejeffski mocked Plaintiff, including stating Plaintiff "wouldn't make it in the Navy because there was too much seaman," a derogatory comment based on Plaintiff's sexual orientation.

20. Co-workers continued to mock Plaintiff following the incident.

3

21. Plaintiff reported the incident to Rebecca Fleming, who attended the meeting and confirmed that Plaintiff should report the harassment.

22. Fleming informed Crystal of the complaint, but neither Crystal nor Jason reported it to Human Resources, in violation of Defendant State Agency's policies.

23. Soon after, Crystal and Jason began fabricating performance criticisms, placed Plaintiff on a Performance Improvement Plan ("PIP"), and ultimately terminated her employment on September 20, 2021.

24. Plaintiff was subjected to repeated ridicule in Zoom meetings both before and after the "Pizza Incident," including "gay pirate" and "dinosaur" jokes by Paul and Jason in front of co-workers.

25. Plaintiff was humiliated and traumatized, feeling as if she were "coming out all over again" each time she was targeted.

26. Plaintiff reasonably feared retaliation and loss of her job given the close relationships among Crystal, Jason, Jennifer, and Paul.

27. Defendants engaged in a deliberate course of fabricating performance issues, escalating toward discipline, and ultimately terminating Plaintiff in retaliation for complaints of discrimination.

28. As a direct and proximate result of Defendants' conduct, Plaintiff suffered lost wages, lost benefits, emotional distress, humiliation, and damage to her mental health and quality of life.

### COUNT I –

**TITLE VII DISCRIMINATION (Sex/Sexual Orientation)**
**As to defendant State of Michigan Department of Labor and**
**Economic Growth Veteran Employment Services**

29. Plaintiff incorporates by reference all preceding paragraphs.

30. That Plaintiff is openly gay and, therefore, a member of a protected class under Title VII of the Civil Rights Act of 1964, 42 U.S.C. §2000e et seq., as interpreted by *Bostock v. Clayton County*, 140 S. Ct. 1731 (2020).

31. That At all relevant times, Plaintiff was qualified for her position as a Disabled Veteran Employment Specialist, performing her duties competently and receiving satisfactory performance evaluations until the discriminatory treatment began.

32. Adverse Employment Actions: Plaintiff was subjected to adverse employment actions, including ridicule, humiliation, isolation, a fabricated Performance Improvement Plan, and ultimately termination on September 20, 2021.

33. That The adverse employment actions were taken because of Plaintiff's sexual orientation. Defendants' supervisors made repeated derogatory comments, engaged in mocking and humiliating conduct, and treated Plaintiff differently from similarly situated employees who were not LGBTQ.

34. That was subjected to severe and pervasive harassment based on her sexual orientation, including repeated ridicule in Zoom meetings, mockery during regional meetings, and isolation from peers, which created an abusive work environment that affected her psychological well-being and ability to perform her job.

35. That Defendants, including the State of Michigan Department of Labor and Economic Growth, Veteran Employment Services, Crystal Berche, and Jason Bruggerman, knew or should have known of the discriminatory conduct and failed to take adequate corrective action to stop the harassment.

36. That As a direct and proximate result of Defendants' conduct, Plaintiff suffered damages, including lost wages and benefits, emotional distress, humiliation, and other compensatory damages.

37. That Defendants discriminated against Plaintiff because of her sexual orientation, creating a hostile work environment and subjecting her to adverse employment actions.

WHEREFORE Plaintiff respectfully requests that the Court:

- Declare that Defendants' conduct violated Title VII;

- Award compensatory damages, including emotional distress, humiliation, and mental anguish, subject to statutory caps;

- Award back pay and front pay;

- Award punitive damages as permitted under Title VII;

- Award attorney's fees and costs; and

- Grant such other relief as the Court deems just and equitable.


**COUNT II –**
**TITLE VII RETALIATION**
**As to defendant State of Michigan Department of Labor and**
**Economic Growth Veteran Employment Services**

31. Plaintiff incorporates by reference all preceding paragraphs.

32. That Plaintiff engaged in protected activity under Title VII by complaining about discrimination and harassment based on her sexual orientation.

33. That Defendants were aware of Plaintiff's protected activity.

34. That Following her complaints, Defendants took adverse employment actions against Plaintiff, including isolating her from peers, subjecting her to fabricated performance criticisms, placing her on a Performance Improvement Plan, and ultimately terminating her employment on September 20, 2021.

35. That There is a causal connection between Plaintiff's protected activity and the adverse actions, as evidenced by the timing of the retaliation and the conduct of her supervisors.

36. That As a direct and proximate result of Defendants' retaliation, Plaintiff suffered lost wages, lost benefits, emotional distress, humiliation, and other damages.

**WHEREFORE** Plaintiff respectfully requests that the Court:

- Declare that Defendants retaliated against Plaintiff in violation of Title VII;

- Award compensatory damages, including emotional distress, humiliation, and mental anguish, subject to statutory caps;

- Award back pay and front pay;

- Award punitive damages as permitted under Title VII;

- Award attorney's fees and costs; and

- Grant any other relief the Court deems just and equitable.

.                                  Respectfully Submitted By:

**LAW OFFICES OF DIANA L. McCLAIN**
**& ASSOC IATES, P.C.**
By: Diana L. McClain P54781
/s/Diana L. McClain
Counsel  for Plaintiff
7071 Orchard Lake Rd. Ste. 210
Date: September 18, 2025            (248) 539-3714
                                   dlmcclain@aol.com

**JURY DEMAND**

Plaintiff demands a trial by jury on all issues so triable.

Respectfully Submitted By:

**LAW OFFICES OF DIANA L. McCLAIN**
**& ASSOC IATES, P.C.**
By: Diana L. McClain P54781

/s/Diana L. McClain
Counsel  for Plaintiff
7071 Orchard Lake Rd. Ste. 210

Date: September 18, 2025       (248) 539-3714
dlmcclain@aol.com